**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                   |   |                                   |
|-----------------------------------|---|-----------------------------------|
|                                   | ) |                                   |
|                                   | ) |                                   |
| **UNITED STATES OF AMERICA,**     | ) |                                   |
|                                   | ) |                                   |
| **v.**                            | ) | **Criminal Action No. 21-087 (TJK)** |
|                                   | ) |                                   |
| **MICHAEL SPARKS,**               | ) |                                   |
|                                   | ) |                                   |
| **Defendant.**                    | ) |                                   |
|                                   | ) |                                   |

**DEFENDANT'S RESPONSE TO MOTION**
**IN LIMINE OF THE UNITED STATES**

Comes the defendant, by counsel, and for his response to the motion *in limine* of the United States to preclude defense arguments and evidence [ECF No. 88] says as follows.

With regard to part (A) of the government's motion seeking to preclude evidence of the specific location of security cameras in the U.S. Capitol, defendant has no objection. Defendant does not intend to elicit any such testimony.

With regard to part (B) of the government's motion seeking to preclude evidence of specific Secret Service tactics and emergency operations, defendant has no objection. Defendant does not intend to elicit any such testimony.

With regard to part (C) of the government's motion, insofar as it seeks to preclude arguments specifically raising the affirmative defenses of entrapment by estoppel or public authority, defendant has no objection and does not intend to make any such argument. However, defendant reserves the right and should be permitted to introduce evidence of

incitement by public officials and others, not as a defense, but as it may impact on defendant's intent or as necessary to provide context to other evidence.

With regard to part (D)(1) of the government's motion, insofar as it seeks to preclude arguments specifically raising the affirmative defense that police inaction at the Capitol on January 6, 2021, somehow rendered his entering into and remaining in properly restrict areas of the Capitol lawful, defendant has no objection and does not intend to make any such argument. However, defendant reserves the right and should be permitted to argue that inaction, accommodation, or invitation by law enforcement negates an essential element of the charges herein.

With regard to part (D)(2) of the government's motion, insofar as it seeks to preclude evidence and arguments regarding the impact of inaction, accommodation, or invitation by law enforcement officers on defendant's intent without first establishing that defendant was personally aware of such behavior, defendant has no objection.

With regard to part (E) of the government's motion, insofar as it seeks to preclude arguments specifically raising the defense that defendant and others had a First Amendment right to enter the properly restricted area around the Capitol on January 6, 2021, defendant has no objection and does not intend to make any such argument. However, defendant reserves the right and should be permitted to argue that even if he may not have had a First Amendment right to *enter and remain in* a properly restricted area of the Capitol, he did have a First Amendment right to *make statements* while he was there, e.g., his dissatisfaction with

the results of the 2020 presidential election, his belief that Vice President Pence had the authority to reverse the vote and would do so, and his argument that Congress should not accept the electoral votes of states he felt had engaged in election fraud. The former is illegal conduct. The latter is not.

## Conclusion

The government's motion *in limine* overreaches and attempts to preclude whole swaths of argument and evidence that will be properly admissible for some purposes but not for others. The Court should not grant the motion beyond the scope agreed to in this response.

/s/ Scott T. Wendelsdorf (Ky. Bar. No. 75790)
Federal Defender
629 Fourth Avenue
200 Theatre Building
Louisville, Kentucky 40202

(502) 584-0525
Scott_Wendelsdorf@fd.org

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on February 2, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Scott T. Wendelsdorf

3